The STATE of Ohio, Appellee,

v.

MAY, Appellant.

[Cite as *State v. May* (1989), 64 Ohio App.3d 456.]

Court of Appeals of Ohio,
Medina County.

Nos. 1816, 1836.

Decided Dec. 27, 1989.

*Dean Holman,* Prosecuting Attorney, for appellee.

*Philip J. Korey,* for appellant.

---

CIRIGLIANO, Judge.

Appellant, Alvis H. May, Jr., appeals from the trial court's decision denying his motion to withdraw his plea of no contest. We reverse.

The Medina County Grand Jury returned an indictment against May charging him with the following:

| Count | Violation | Offense |
|-------|-----------|---------|
| I | R.C. 2903.11(A)(2) | Felonious Assault of a police officer with a gun |
| II | R.C. 2921.34 | Escape |
| III | R.C. 4511.19(A)(1) | Operating under the influence |
| IV | R.C. 4511.25 | Illegal lane change |

---

Count I included a specification for May's possession or use of a firearm during the felonious assault.

May entered pleas of not guilty and not guilty by reason of insanity to the charges. Pursuant to a negotiated plea agreement, the Count I gun specification and Counts II, III and IV were dismissed. On the record, the prosecutor affirmatively represented that the deletion of the gun specification made Count I, felonious assault of a police officer with a gun, a probationable offense. The trial court agreed that it was "a probationable, or possibly probationable offense." The trial court then completed its Crim.R. 11 questioning and determined, prior to its acceptance of the plea, that May's plea was knowingly, intelligently and voluntarily made with an understanding of the charge and the consequences of the no contest plea. The case was referred to the Adult Probation Department for the preparation of a presentencing report.

At the sentencing hearing, May asked for probation and pointed to his improved condition due to medication. The trial court responded and sentenced as follows:

"THE COURT: Well, the court has carefully reviewed this pre-sentence report, noted the problems this defendant has, which apparently are triggered by the use of alcohol.

" * * *

"His prognosis is good, if he is sober, bad, if he drinks.

"The problem is, the defendant is a menace, or a danger to the community when he drinks. This is apparently when he gets into all of his problems.

"Whether an out-patient type of setting would be sufficient, or not, this court is not prepared to say at this time.

"Then, Alvis May, Jr., Case 9166, for one count of felonious assault on a police officer, violation of Section 2903.11–A–2, this court sentences you to not less than five nor more than twenty-five years incarceration at the Orient Reception Center, Orient, Ohio, this offense being an aggravated felony of the first degree."

May filed a motion for post-conviction relief and a stay. The motion was denied.

May sought to withdraw his plea claiming he entered it under the belief that he was eligible for probation. A new prosecutor opposed the motion on the grounds that May was never eligible for probation because the gun reference remained in the body of the indictment and because May was never promised probation and the law precluded probation.

The trial court determined that May failed to establish the existence of manifest injustice and denied the motion to vacate the plea. May appealed from the denial of his motion and, in a delayed appeal, challenged his convictions. In this appeal, a consolidation of the two appeals, May assigns three errors. We address these errors together.

### Assignments of Error

"I. The no contest plea entered by the defendant was induced by an erroneous representation of law made to the defendant at the time of the plea by the trial court, the prosecutor and defense counsel that the amended charge to which the plea was entered was a probationable offense when by law, the amended charge was non-probationable carrying a mandatory minimum of 5 years in prison; defendant's honest belief that he was at least eligible for probation was based on the erroneous interpretation of law by the officers of the court, and therefore since defendant did not fully understand

the consequences of his plea, to wit, that he was ineligible for consideration of probation, his plea and sentence are void as a matter of law under the due process clause of the Fourteenth Amendment. Defendant and his counsel would not have entered his plea of no contest under these circumstances but would have proceeded to trial on his not guilty by reason of insanity plea.

"II. Defendant's plea is void in that the trial court did not substantially comply with Criminal Rule 11(C)(2)(a).

"III. The trial court erred in overruling the defendant's motion to withdraw the plea."

May contends that he was induced to change his plea by the possibility of probation. He argues that the court's failure to inform him that he was ineligible for probation, in fact leading him to believe that he was eligible, renders his plea void. The state argues that it was not possible for the trial judge to determine, prior to accepting the pleas, that May was not eligible. The state also claims that there can be no error because the court informed May of the maximum possible sentence and no promises of probation or anything else were made.

" * * * A court may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Smith* (1977), 49 Ohio St.2d 261, 264 [3 O.O.3d 402, 404, 361 N.E.2d 1324, 1326]; *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213 [22 O.O.3d 341, 342, 428 N.E.2d 863, 865]. The burden of establishing the existence of a manifest injustice is upon the individual seeking vacation of the plea. *Smith, supra,* paragraph one of the syllabus. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court, *id.* at paragraph two of the syllabus, and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *Peterseim, supra,* at 214 [22 O.O.3d at 343, 428 N.E.2d at 865].

" 'What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved.' *State v. Walton* (1981), 2 Ohio App.3d 117, 119 [2 OBR 131, 132, 440 N.E.2d 1225, 1226]. * * * " *State v. Blatnick* (1984), 17 Ohio App.3d 201, 202, 17 OBR 391, 392–393, 478 N.E.2d 1016, 1019.

Under the facts of this case, May was never eligible for probation. See *State v. Butler* (1989), 42 Ohio St.3d 174, 538 N.E.2d 98. If he had been eligible for probation, the trial court was not under a duty to inform him about probation. *State v. Knox* (July 19, 1989), Lorain App. No. 4462, unreported,

1989 WL 80508. But here the trial court failed to follow the mandates of Crim.R. 11(C), which reads in part as follows:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, *and, if applicable, that he is not eligible for probation.*

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

Thus, not only was May led to believe that he was pleading to a probationable, or possibly probationable offense, he was never informed that it was not probationable. Crim.R. 11(C)(2)(a).

This is not a case where May relied solely on the advice of defense counsel and was so induced to plead. See *State v. Lambros* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632. Rather, this is a case where the trial court, state and defense counsel each represented the possibility of probation. We cannot impute to May knowledge that he was pleading to a nonprobationable offense when the justice system itself represented that he was. Clearly, the prospect of probation would be a factor weighing heavily in favor of a plea. That probation is statutorily precluded could affect a person's decision to enter a plea of no contest or guilty. Accordingly, May's plea can be viewed neither as voluntary nor knowing. *State v. Bowen* (1977), 52 Ohio St.2d 27, 6 O.O.3d 112, 368 N.E.2d 843. He should have been permitted to withdraw it. Failure to allow the plea to be vacated was an abuse of discretion.

Based on the foregoing reasons, we sustain each assignment of error. We reverse the decision of the trial court and remand the cause for a new plea to be entered.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., concurs.

BAIRD, J., concurs in judgment only.