OPINION
{¶ 1} Appellant, Russell D. Balch, appeals from the January 14, 2008 judgment entry of the Portage County Court of Common Pleas, overruling his motion to withdraw his guilty plea without a hearing.
 {¶ 2} On February 10, 2006, appellant was indicted by the Portage County Grand Jury on five counts: count one, aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1) and (B); count two, aggravated *Page 2 
vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(2) and (C); count three, operating a vehicle under the influence of alcohol or drugs, a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e), and R.C. 2929.13(G)(2); count four, leaving the scene of an accident, a felony of the fifth degree, in violation of R.C. 4549.02; and count five, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51. On April 21, 2006, appellant pleaded not guilty at his arraignment.
 {¶ 3} On June 5, 2006, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to counts two, three, four, and five. The trial court accepted appellant's guilty plea and entered a nolle prosequi on count one.
 {¶ 4} Pursuant to its July 14, 2006 judgment entry, the trial court sentenced appellant to five years in prison on count two, five years on count three, twelve months on count four, and eighteen months on count five, with seventy-nine days of credit for time already served. The sentences were to run concurrent to one another. The trial court also suspended appellant's driver's license for life.
 {¶ 5} On May 15, 2007, appellant filed a pro se petition for postconviction relief. On June 12, 2007, appellant filed a pro se motion for judicial release pursuant to R.C. 2929.20, which was overruled by the trial court on June 14, 2007. On June 20, 2007, appellee, the state of Ohio, filed a response to appellant's petition for postconviction relief.
 {¶ 6} Pursuant to its July 27, 2007 judgment entry, the trial court dismissed appellant's petition for postconviction relief, indicating that it was untimely. *Page 3 
 {¶ 7} On August 9, 2007, appellant filed a second pro se motion for judicial release. The trial court overruled his motion on August 14, 2007.
 {¶ 8} On January 8, 2008, appellant filed a pro se motion to withdraw his guilty plea based on Crim. R. 32.1, which was overruled without a hearing by the trial court on January 14, 2008.
 {¶ 9} On January 16, 2008, appellant filed a second pro se motion for postconviction relief, which was overruled without a hearing by the trial court on January 18, 2008.
 {¶ 10} On January 29, 2008, appellant filed a notice of appeal with this court from the trial court's January 14, 2008 judgment entry, overruling his motion to withdraw his guilty plea. Appellant asserts the following assignment of error for our review:
 {¶ 11} "The Trial Court abused its discretion when it overruled [appellant's] pro se Motion for Relief from Judgment."
 {¶ 12} In his sole assignment of error, appellant argues that the trial court erred by overruling his pro se post-sentence motion to withdraw his guilty plea without a hearing. Appellant presents two issues for our review. In his first issue, appellant contends that he is entitled to withdraw his plea because he was misinformed by his counsel that he was eligible for probation, when in fact he was not. In his second issue, appellant alleges that he received ineffective assistance of counsel due to the foregoing "misinformation."
 {¶ 13} Because appellant's issues are interrelated, we will address them together. *Page 4 
 {¶ 14} Crim. R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 15} "An appellate court will review the trial court's determination of the Crim. R. 32.1 motion for an abuse of discretion." State v.Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Desellems, supra, at 8, citing State v.Montgomery (1991), 61 Ohio St.3d 410, 413. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925), 112 Ohio St. 667,676-678.
 {¶ 16} "Pursuant to Crim. R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice."State v. Taylor, 11th Dist. No. 2002-L-005, 2003-Ohio-6670, at ¶ 8, citing State v. Smith (1977), 49 Ohio St.2d 261, at paragraph one of the syllabus. "A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea." Taylor at ¶ 8, citingState v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158,1999 WL 1313669, at 2-3.
 {¶ 17} "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has *Page 5 
already sentenced the defendant. State v. Xie (1992), 62 Ohio St.3d 521
* * *, paragraph one of the syllabus. In those situations where the trial court must consider a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id." State v.Wilkey, 5th Dist. No. CT2005-0050, 2006-Ohio-3276, at ¶ 25. (Parallel citation omitted.) "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." Id. at ¶ 26, citingState v. Patterson, 5th Dist. No. 2003CA00135, 2004-Ohio-1569, citingState v. Laster, 2d Dist. No. 19387, 2003-Ohio-1564.
 {¶ 18} "Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea." State v.Turner, 171 Ohio App.3d 82, 2007-Ohio-1346, at ¶ 27, citing State v.Dalton, 153 Ohio App.3d 286, 2003-Ohio-3813; State v. Hamed (1989),63 Ohio App.3d 5. In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth inStrickland v. Washington (1984), 466 U.S. 668. State v. Ziefle, 11th Dist. No. 2007-A-0019, 2007-Ohio-5621, at ¶ 20. Thus, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance." State v.Jackson, 11th Dist. No. 2002-A-0027, 2004-Ohio-2442, at ¶ 9.
 {¶ 19} In the case at bar, the state contends in its appellate brief, which was filed on July 1, 2008, that without a transcript of appellant's June 2, 2006 plea hearing, his assertions with respect to what information was discussed on the record regarding probation eligibility and the mandatory nature of prison sentences are mere speculation. We note that on July 30, 2008, appellant filed with this court the transcript from the June 2, 2006 plea hearing. Thus, we will consider it for plain error. *Page 6 
 {¶ 20} "`Plain error' may be noticed by appellate courts only with caution, under exceptional circumstances, and in order `to prevent a manifest miscarriage of justice.'" State v. Willis, 11th Dist Nos. 2006-L-057 and 2006-L-058, 2007-Ohio-583, at ¶ 13, quoting State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 21} At the plea hearing, the following exchanged occurred:
 {¶ 22} "THE COURT: To the charge of aggravated vehicular assault, felony third degree, how do you plead?
 {¶ 23} "DEFENDANT: Guilty.
 {¶ 24} "THE COURT: You understand the nature of the charge you are pleading to, did while operating a motor vehicle, a 1998 Dodge Durango cause serious physical harm to Samuel Clayburn, to wit: recklessly, and at the time driving under suspension, imposed by Chapter 4507, making that a felony third degree which carries a maximum of five years in the penitentiary and ten thousand dollar fine plus court costs.
 {¶ 25} "You understand that?
 {¶ 26} "DEFENDANT: Yes, your Honor.
 {¶ 27} "THE COURT: Also there is a mandatory license suspension on there.
 {¶ 28} "To the charge of operating a motor vehicle under the influence of alcohol, second felony offense, how do you plead?
 {¶ 29} "DEFENDANT: Guilty.
 {¶ 30} "THE COURT: You understand the nature of that charge, did operate a motor vehicle under the influence of alcohol, having been previously convicted of a felony offense on January 7, 2004. That is a third degree felony, carries a maximum up to five years in the penitentiary, maximum fine ten thousand dollars. There is a *Page 7 
mandatory license suspension, there is a mandatory forfeiture of the vehicle and there is a minimum fine as I remember of $800, and there is also mandatory jail time of at least sixty days.
 {¶ 31} "You understand all that?
 {¶ 32} "DEFENDANT: Yes.
 {¶ 33} "THE COURT: To Count Four of the indictment, leaving the scene of an accident, felony fifth degree, how do you plead?
 {¶ 34} "DEFENDANT: Guilty.
 {¶ 35} "THE COURT: You understand the nature of the charge that you're pleading to, did in the case of an accident or collision on public highway failed to immediately stop, remain at the scene of the accident.
 {¶ 36} "DEFENDANT: Yes, your Honor.
 {¶ 37} "THE COURT: And the accident did cause serious physical harm to the victim, Samuel Clayburn.
 {¶ 38} "DEFENDANT: Yes, your Honor.
 {¶ 39} "THE COURT: That is a fifth degree felony, carries a maximum up to — made every misdemeanor a felony now — carrying a maximum up to 12 months in prison, maximum fine $2500. I assume there is a license suspension on that, too.
 {¶ 40} "You understand the nature of the charge, possible penalty.
 {¶ 41} "To Count Five of the indictment, how do you plead?
 {¶ 42} "DEFENDANT: Guilty.
 {¶ 43} "THE COURT: That is receiving stolen property, a fourth degree felony and the nature of the charge is receive, retain, dispose of property, to wit: Dodge *Page 8 
Durango, property of another, knowing or having reasonable cause to believe it was obtained through the commission of a theft offense. That is 18 months in prison, maximum fine of five thousand plus court costs.
 {¶ 44} "You understand that?
 {¶ 45} "DEFENDANT: Guilty.
 {¶ 46} "THE COURT: Yes, you plead guilty, correct?
 {¶ 47} "DEFENDANT: Yes, I do.
 {¶ 48} "THE COURT: I have to inform you that on the felony DUI there is mandatory jail time of sixty days. You understand if you are sentenced to prison when released from prison you could be placed on post release control; if you violate the terms of post release control your sentence could be increased by one half?
 {¶ 49} "DEFENDANT: Yes.
 {¶ 50} "THE COURT: Do you understand if given community based sanctions you have certain rules and regulations you have to follow; if you violate those rules and regulations you could be sentenced to prison — and I'm going to need that form — for five years on one count. Five years on one count, 12 months on one count, 18 months on one count and just trying to see what they all were. Whew, right, I did it all from memory. That is good.
 {¶ 51} "And I did explain to you that on the DUI sixty days is mandatory, jail time.
 {¶ 52} "DEFENDANT: Yes.
 {¶ 53} "THE COURT: You understand that I could proceed and sentence you today if I choose to do so?
 {¶ 54} "DEFENDANT: Yes, your Honor. *Page 9 
 {¶ 55} "THE COURT: You understand by entering a plea of guilty you're waiving certain constitutional rights, the first is the right to jury trial?
 {¶ 56} "DEFENDANT: Yes, your Honor.
 {¶ 57} "THE COURT: And at that jury trial you have a right to confront and cross examine witnesses against you, you understand that?
 {¶ 58} "DEFENDANT: Yes.
 {¶ 59} "THE COURT: You also have the right to compulsory process; that is the right to subpoena or compel witnesses to come in and testify in your behalf, you understand that?
 {¶ 60} "DEFENDANT: Yes.
 {¶ 61} "THE COURT: And, finally, at that trial you have a right to have the State of Ohio prove your guilt beyond a reasonable doubt at which time you cannot be compelled to testify against yourself, you understand that?
 {¶ 62} "DEFENDANT: Yes.
 {¶ 63} "THE COURT: You understand by entering a plea of guilty you're waiving any right of appeal?
 {¶ 64} "DEFENDANT: Yes.
 {¶ 65} "THE COURT: You heard the Rule 11 F plea negotiations stated on the record; you understand them?
 {¶ 66} "DEFENDANT: Yes.
 {¶ 67} "THE COURT: You're satisfied with them?
 {¶ 68} "DEFENDANT: Yes.
 {¶ 69} "THE COURT: And satisfied with them and you accept them? *Page 10 
 {¶ 70} "DEFENDANT: Yes.
 {¶ 71} "THE COURT: Has anybody promised you anything other than what is stated on the record?
 {¶ 72} "DEFENDANT: No.
 {¶ 73} "THE COURT: Anybody threatened you to make you enter this plea?
 {¶ 74} "DEFENDANT: No.
 {¶ 75} "THE COURT: You had a chance to go over this with your attorney and you've had me go over it with you in open court; you understand it?
 {¶ 76} "DEFENDANT: Yes.
 {¶ 77} "THE COURT: And it's still your voluntary intention to enter a plea of guilty?
 {¶ 78} "DEFENDANT: Yes, your Honor.
 {¶ 79} "THE COURT: You're a citizen of the United States?
 {¶ 80} "DEFENDANT: Yes.
 {¶ 81} "THE COURT: And you're satisfied with the representation of your attorney?
 {¶ 82} "DEFENDANT: Yes.
 {¶ 83} "THE COURT: The Court will accept your plea, order an expedited Presentence Investigation and also NEOCAP investigation."
 {¶ 84} The foregoing colloquy establishes that appellant was informed by the trial court of the sentence he faced, including any mandatory time, as well as his constitutional rights, before he entered his guilty plea. *Page 11 
 {¶ 85} Appellant relies on State v. May (1989), 64 Ohio App.3d 456, to support his position that the trial court erred by denying his motion to withdraw his guilty plea. However, appellant's reliance on that case is misplaced. In May, the prosecutor indicated on the record that the deletion of the gun specification made the felonious assault count a probationable offense. Id. at 457. The trial court agreed. Id. The appellant pleaded no contest. Id. At the sentencing hearing, the appellant asked for probation but was sentenced to jail. Id. at 458. The appellant sought to withdraw his plea, claiming that he entered it under the belief that he was eligible for probation, but the trial court denied his motion. Id. On appeal, the Ninth District held that because the appellant was led to believe that he was pleading to a probationable offense, a factor weighing heavily in favor of a plea, he should have been permitted to withdraw it. Id. at 460.
 {¶ 86} Here, appellant asserts that his counsel advised him that the charges were probationable. However, appellant failed to present any credible, evidentiary materials to support his assertion. A review of the transcript establishes that appellant's plea was knowing, voluntary, and intelligent. There is no mention that any of the charges were probationable offenses. Also, at the plea hearing, appellant indicated that he was satisfied with the representation of his attorney.
 {¶ 87} Appellant additionally relies on State v. Farley (Mar. 15, 2002), 2d Dist. No. C-0100478, 2002 Ohio App. LEXIS 1160, for the proposition that the trial court's and his counsel's failure to inform him that his charges were nonprobationable offenses constituted a manifest injustice supporting withdrawing his plea. However, appellant's reliance on that case is misplaced. In Farley, the appellant was indicted for rape of a *Page 12 
child under the age of thirteen (which included an allegation of force, making its penalty mandatory life imprisonment), kidnapping, and two counts of gross sexual imposition. Id. at 2. In a plea agreement, the state dismissed the kidnapping count and one of the gross sexual imposition counts, as well as the allegation of force in the rape count, and the appellant entered a plea of guilty to the amended rape charge and to one count of gross sexual imposition. Id. On appeal, the appellant claimed that the trial court erred by accepting his guilty plea because the court failed to inform him under Crim. R. 11(C)(2)(a) that the rape offense was nonprobationable. Id. The First District noted that under R.C. 2929.13(F)(2), a trial court must impose a prison term for any rape offense. Id. at 3. Thus, the court indicated that when accepting a guilty plea to a rape offense, the court must determine that the offender is entering his plea voluntarily, with the understanding that he is not eligible for probation. Id. The court was not convinced that the appellant understood that he was ineligible for probation. Id. at 8. The court reasoned that the trial court accepted the appellant's guilty plea to the rape charge despite its failure to inform him that he was ineligible for probation. Id. at 7. Also, the court stated that the plea form executed by the appellant indicated that a prison term was not mandatory for the rape charge. Id.
 {¶ 88} In the instant matter, appellant failed to demonstrate that a withdrawal of his guilty plea was necessary to correct a manifest injustice. Unlike Farley, appellant's plea form specifically notified him that "the prison term the judge imposes will be the term served" and that "prison is a mandatory penalty for this offense[.]" The record establishes that appellant knew he was not eligible for probation. Thus, the trial court did not abuse its discretion by denying appellant's post-sentence motion to withdraw his *Page 13 
guilty plea. In addition, appellant failed to demonstrate that his counsel's performance with regard to the plea proceedings was deficient or that the alleged deficiency resulted in prejudice.
 {¶ 89} Appellant's issues are without merit.
 {¶ 90} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds there were reasonable grounds for this appeal.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1