[Cite as *State v. Maggard*, 2011-Ohio-4233.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100788 |
| | | TRIAL NO. B-0908256 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *D E C I S I O N.* |
| BRYCE MAGGARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  August 26, 2011

*Joseph T. Deters*, Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Elizabeth E. Agar*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} The state indicted defendant-appellant Bryce Maggard on six counts of rape, four counts of kidnapping, and four counts of abduction. After the trial court denied Maggard's motion to suppress evidence, Maggard pleaded no contest to all charges. The state and Maggard did not enter into any "agreement" in consideration of the no-contest pleas. The trial court merged the abduction and kidnapping counts for purposes of sentencing, and imposed a 20-year prison term. Maggard now appeals his convictions. Because we determine that the trial court failed to substantially comply with Crim.R. 11 in accepting Maggard's pleas on the six counts of rape, we must reverse those convictions. We affirm the kidnapping convictions.

{¶2} Maggard raises three assignments of error. In Maggard's first assignment of error, he alleges that the trial court erred in denying his motion to dismiss counsel. In Maggard's second assignment of error, he disputes the voluntary nature of his pleas because, Maggard argues, the trial court failed to inform him that by pleading no contest to rape he faced a mandatory prison sentence. Finally, in Maggard's third assignment of error, he alleges that he received ineffective assistance of counsel. Because we find merit in Maggard's second assignment of error, we address that assignment first.

{¶3} Crim.R. 11(C) provides the colloquy that a trial court must engage in with a defendant before accepting a defendant's plea of guilty or no contest to a felony charge. In a no-contest plea the defendant does not contest the factual allegations, and leaves the court the duty to determine if those facts constitute a violation of a criminal statute.[1] Pursuant to Crim.R. 11(C)(2)(a), before a court

---

[1] Crim.R. 11(B)(2).

2

accepts a plea of guilty or no contest to a felony charge, the court must determine, in part, "[t]hat the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶4} R.C. 2929.13(F)(2) requires the trial court to impose a prison term for a rape offense. Thus, "[w]hen accepting a guilty plea to a rape offense, the court must determine that the offender is entering his plea voluntarily, with the understanding that he is not eligible for probation or for the imposition of community-control sanctions."[2]

{¶5} The requirements listed in Crim.R. 11(C)(2) contain both constitutional and nonconstitutional aspects. As to the constitutional aspects, such as a defendant's waiver of the right to a jury trial, a trial court must strictly and fully comply with the rule.[3] As to the nonconstitutional aspects, such as a defendant's ineligibility for probation or community-control sanctions,[4] strict compliance is strongly preferred, but not required.[5] Thus, a defendant's plea will not be vacated so long as a trial court has substantially complied with the rule.[6] "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[7]

{¶6} As a general matter, a defendant who seeks to vacate a plea on the grounds that the plea was not made voluntarily must demonstrate prejudice, which

---

[2] *State v. Farley*, 1st Dist. No. C-0100478, 2002-Ohio-1142.
[3] *State v. Stewart* (1977), 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163.
[4] *State v. McQueen*, 7th Dist. No. 08 MA 24, 2008-Ohio-6589, ¶49.
[5] *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, citing *Stewart*, supra, at 92-93.
[6] *Nero*, supra, at 108.
[7] Id.

means that the plea would not have otherwise been made.[8]   But, where a trial court has failed to substantially comply with a nonconstitutional aspect of Crim.R. 11, a reviewing court must determine whether the trial court partially complied with the rule or failed to comply.  If the trial court failed to comply, the defendant need not demonstrate prejudice because " '[a] complete failure to comply with the rule does not implicate an analysis of prejudice.' "[9]

{¶7}   In *State v. Nero*, the trial court failed to inform the defendant that he was ineligible for probation.[10]  Nevertheless, the Ohio Supreme Court held that the trial court substantially complied with Crim.R. 11.  The supreme court reached this conclusion because the record indicated that the defendant knew that he was not eligible for probation.[11]  The defendant's counsel had stated to the trial court that the defendant knew he would be incarcerated.  Moreover, the defendant requested that the trial court allow him "some time to straighten out [his] affairs."[12]

{¶8}   In *State v. Farley*, this court stated, "[A] trial court does not substantially comply with Crim.R. 11(C)(2)(a) when it fails to inform the defendant that he is not eligible for probation or community control, and the circumstances do not show that the defendant knew he was not eligible.  In such a case, an appellate court cannot say that the defendant's plea was made knowingly, intelligently and voluntarily."[13]  We reasoned that, "[b]ecause the prospect of probation or community control 'would be a factor weighing heavily in favor of a plea,' the fact that a

---

[8] Id., citing *Stewart*, supra, at 1167.
[9] *State v. Clark* (2008), 119 Ohio St.3d 239, 245, 893 N.E.2d 462, 2008-Ohio-3748, ¶32, quoting *State v. Sarkozy* (2008), 117 Ohio St.3d 86, 881 N.E.2d 1224, 2008-Ohio-509, ¶22.
[10] *Nero*, supra, at 108.
[11] Id.
[12] Id.
[13] *Farley*, supra, (internal citations omitted).

community-control sanction is statutorily precluded can affect a defendant's decision to enter a guilty plea."[14] The *Farley* court vacated not only the defendant's guilty plea to rape, but the court also vacated the defendant's guilty plea to gross sexual imposition.[15] Although *Farley* is distinguishable because it involved a plea agreement between the state and the defendant, it is instructive as to Maggard's pleas on the rape counts.

{¶9} In Maggard's case, despite a thorough and otherwise properly completed plea hearing, the trial court engaged in the following colloquy with Maggard as to the rape charge in count one of the indictment:

{¶10} "THE COURT: On conviction of that charge you could get a possible sentence of three, four, five, six, seven, eight, nine, up to ten years hard time. Do you understand?

{¶11} "THE DEFENDANT: Yes, sir, I understand.

{¶12} "THE COURT: And there's no mandatory prison time in that."[16]

{¶13} Later, the court discussed with Maggard and his counsel the maximum penalty Maggard could receive as a result of his no-contest pleas. The court stated, apparently to defense counsel, "Do you understand, sir, that -- none of that time is mandatory is it?"[17] To which defense counsel specifically responded, "No."[18] The court then continued:

{¶14} "THE COURT: Do you understand what I mean by the word mandatory, sir? Did you ever hear of the people --

---

[14] Id., quoting *State v. May* (1989), 64 Ohio App.3d 456, 460, 581 N.E.2d 1154, 1156.
[15] Id.
[16] T.p. 107.
[17] T.p. 114.
[18] Id.

{¶15} "THE DEFENDANT: I know what the word means, meaning that I have to do it.

{¶16} "THE COURT: [A]ny of the judges, no matter who the judge is you get a minimum. That's mandatory time. This is all discretionary. So it's up to me whether you get all of it, none of it, or some of it."[19]

{¶17} The trial court and even Maggard's own counsel affirmatively told Maggard that a prison term was not mandatory. The record is devoid of any evidence that Maggard knew he was not eligible for community-control sanctions on the rape charge. On this record, we cannot hold that the trial court substantially complied with Crim.R. 11(C)(2) in accepting Maggard's pleas to rape.[20] Therefore, we must vacate Maggard's pleas of no-contest on the six rape counts.

{¶18} As to the remaining kidnapping convictions, we could not locate any binding precedent requiring this court to vacate the pleas as to those counts, especially where no plea agreement existed between the state and Maggard, and where Maggard pleaded no contest to each count in the indictment.

{¶19} Several lines of cases stand for the proposition that counts in an indictment are independent of one another. The United States Supreme Court has held that "although distinct offences [are] charged in separate counts in one indictment, they nevertheless [retain] their separate character to such an extent that error or failure as to one [has] no essential influence upon the other."[21] Each count

---

[19] T.p. 115.
[20] Cf *State v. Barker*, Slip Opinion No. 2011-Ohio-4130, ¶20 (holding that the trial court complied with Crim.R. 11 when its language during a plea colloquy was "a reasonably intelligible explanation to the defendant of his constitutional right * * * and allowed the defendant to make a voluntary and intelligent decision whether to plead no contest.").
[21] *Selvester v. United States* (1898), 170 U.S. 262, 268, 18 S.Ct. 580.

6

"is regarded as if it was a separate indictment."[22]   The Ohio Supreme Court has concluded that each count of an indictment charges a complete offense; the separate counts of an indictment are not interdependent, but are, and necessarily must be, each complete in and of itself.[23]

{¶20}  The Ohio Supreme Court also discussed the separate nature of counts in an indictment when it addressed the application of the "sentence package" doctrine in Ohio.[24]   The court rejected the notion that a "sentence" is the combination of the penalties for all counts.  The court reasoned that, under a package theory, the reversal of a single count would "require the sentencing judge to reconsider the sentences for every other offense, even if the defendant pleaded guilty to 100 counts.  No purpose can be served by forcing a sentencing judge to revisit properly imposed, lawful sentences based upon an error in the sentence for a separate offense."[25]

{¶21}  For example, in *State v. Farley*, the state and Farley had entered into a plea agreement dismissing two counts and reducing another.[26]   Because Farley's guilty pleas resulted from an agreement, the trial court's failure to comply with Crim.R. 11 clearly implicated not only Farley's guilty plea on the rape count, but the entire agreement between the parties.  No such agreement unifies the counts in Maggard's case.

{¶22}  For these reasons, we conclude that in Maggard's case, where no plea agreement existed between the state and Maggard, and Maggard pleaded no-contest

---

[22] *United States v. Powell* (1984), 469 U.S. 57, 62, 105 S.Ct. 471, citing *Latham v. The Queen*, 5 Best & Smith 635 ,642-643.
[23] *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 446, 1997-Ohio-371, 683 N.E.2d 1112.
[24] *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
[25] Id. at ¶21.
[26] *Farley*, supra.

to all the charges, errors that inured to only some of the counts do not automatically result in the reversal of the pleas on all counts, absent some showing that the defect should be treated more broadly. Therefore, we reverse Maggard's convictions for rape because the record does not support the conclusion that the pleas were knowingly entered. We point out that nothing in the record indicates that Maggard's decision to enter no-contest pleas to the other, independent counts in the indictment was unknowing. The record shows that Maggard was properly informed of the possible punishment he could receive by pleading no contest to the kidnapping and abduction charges.

{¶23} Therefore, we sustain Maggard's second assignment of error, and we vacate Maggard's pleas of no contest as to the rape counts.

{¶24} In Maggard's first assignment of error, he argues that the trial court erred in denying his motion to dismiss trial counsel, which he filed pro se on October 4, 2010. The record reveals that the trial court did not want to grant another continuance, and thus the trial court affirmatively denied Maggard's motion on October 25, 2010—the morning of trial. Maggard claims that the trial court's denial of the motion to dismiss counsel violated his Sixth Amendment right to obtain counsel of his choice.

{¶25} We review the trial court's decision to deny a change of counsel in this instance for an abuse of discretion.[27] Thus, we will not overturn that decision unless it was unreasonable, arbitrary, or unconscionable.[28] At the outset, we note that "[t]he right of an accused to select his own counsel is inherent only in those cases

---

[27] *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204; see, also, *State v. Smith* (Nov. 3, 2000), 1st Dist. No. C-990689.
[28] *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

8

wherein such accused is employing the counsel himself."[29]  Even then, "[a] defendant has only a presumptive right to employ his own chosen counsel."[30]  But, "[t]hat presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict."[31]

{¶26}  The record shows this case had been previously set for trial on July 19, 2010.[32]  The record also reveals that the trial court had warned the parties at that time that further trial continuances would not be looked upon favorably.[33]

{¶27}  The record further demonstrates that four different attorneys had entered appearances for Maggard.  The last two attorneys, who were partners, entered a joint appearance for Maggard.  The attorneys' partnership, however, ended before trial, and one co-counsel withdrew from representation with the knowledge of **both** Maggard and the trial court.  Maggard then filed his pro se motion claiming that a miscommunication occurred between him and his attorneys, and he wanted the previously withdrawn co-counsel to replace his current counsel.

{¶28} After Maggard's motion was filed, the record demonstrates that withdrawn counsel indicated that she would not be ready to proceed on the scheduled trial date of October 25 because she had not participated in the case for some time.  The trial court indicated that another continuance would not be granted, especially because one of the victims was a United States Marine who had been given a November deployment date.  Thus, the withdrawn counsel indicated that she would

---

[29] *Thurston*, supra, at 93.
[30] *State v. Keenan* (1998), 81 Ohio St.3d 133, 137, 1998-Ohio-459, 689 N.E.2d 929.
[31] Id.
[32] T.p. 15.
[33] T.p. 19.

9

not represent Maggard. Maggard's current trial counsel was informed days before trial that he would proceed as counsel.

{¶29} Following a review of the record, we cannot hold that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Maggard's request to dismiss his trial counsel. Therefore, we overrule Maggard's first assignment of error.

{¶30} Finally, in Maggard's third assignment of error, he argues that he received ineffective assistance of counsel. In order to succeed on a claim for ineffective assistance of trial counsel, a defendant must show that the trial counsel's performance was deficient, and that the deficient performance prejudiced the outcome of the defendant's case.[34] Thus, defendant must show that the outcome of the proceedings would have been different but for the trial counsel's errors.[35]

{¶31} At least part of Maggard's ineffective-assistance claim relates to Maggard's second assignment of error regarding the voluntariness of his pleas on the rape charges. Maggard argues that his counsel erroneously represented on the record that the rape charges did not carry mandatory prison time, and that this error by counsel caused him to make an uninformed plea. Because we have vacated Maggard's rape convictions, we need not address whether the trial counsel's error rose to the level of deficient performance, which caused Maggard prejudice.

{¶32} Maggard also accused his trial counsel of refusing to return unearned fees, delaying the return of Maggard's file after Maggard filed his motion to dismiss trial counsel, and being unprepared for trial. Maggard argues that trial counsel's

[34] *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052.
[35] Id. at 694.

personal interests conflicted with counsel's representation of Maggard because counsel attempted to defend himself against these allegations to the trial court.

{¶33} We fail to see how Maggard's unsubstantiated argument that trial counsel failed to return unearned fees and delayed the return of Maggard's file constituted deficient performance. Maggard's argument that trial counsel was unprepared for trial is also unsubstantiated by the record. More importantly, even if we assume the truth of these allegations, we cannot hold that trial counsel's personal interests became so conflicted with that of his client that Maggard was prejudiced thereby. Maggard has failed to show how trial counsel's alleged deficient performance caused Maggard to enter no-contest pleas on the remaining counts. In fact, the record reveals that Maggard entered his no-contest pleas after the trial court denied his motion to suppress, and that Maggard specifically entered his pleas to preserve his right to appeal. Maggard's third assignment of error is overruled.

{¶34} In conclusion, we vacate Maggard's no-contest pleas as to the rape counts, and we reverse the judgment of the trial court with regard to the rape convictions. Because we have reversed Maggard's rape convictions, his classification as a Tier III sex offender is no longer proper. Therefore, we vacate Maggard's sex-offender classification, and we instruct the trial court on remand to reclassify Maggard.

{¶35} Finally, we note that the transcript of the sentencing hearing reveals that the trial court sentenced Maggard to ten years' incarceration on both count one and count seven. The terms for each of those counts were ordered to be served consecutively. The trial court ordered Maggard to serve counts two, three, and four concurrently with count one. The trial court then ordered counts eight, nine, ten, 11,

and 12 to be served concurrently with count seven. Counts five, six, 13, and 14 were merged with other counts. The judgment entry does not reflect the sentence imposed by the trial court at the hearing. On remand, we instruct the trial court to amend its entry nunc pro tunc to correct clerical errors in the judgment entry.

Judgment affirmed in part, reversed in part and cause remanded.

**DINKELACKER, P.J.,** and **HILDEBRANDT, J.**, concur.


Please Note:

The court has recorded its own entry on the date of the release of this opinion.