[Cite as *State v. Lehner*, 2022-Ohio-2547.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 21 CA 26 |
| MARK A. LEHNER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  20 CR 233


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT ENTRY:          July 25, 2022


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JASON R. FARLEY                       MICHAEL GROH
ASSISTANT PROSECUTING ATTORNEY        1938 East Wheeling Avenue
627 Wheeling Avenue                   Cambridge, Ohio  43725
Cambridge, Ohio  43725

*Wise, J.*

**{¶1}**    Defendant-Appellant Mark Allen Anthony Lehner appeals his conviction and sentence on one count of Rape entered in the Guernsey County Court of Common Pleas following a guilty plea.

**{¶2}**    Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**    For purposes of the appeal, the relevant facts and procedural history are as follows:

**{¶4}**    On November 25, 2020, a Guernsey County Grand Jury indicted Appellant Mark Allen Anthony Lehner on one count of Rape, in violation of R.C. §2907.02(A)(2), a first-degree felony.

**{¶5}**    On December 7, 2020, Appellant pled not guilty to the offense.

**{¶6}**    On January 22, 2021, the court appointed a consulting defense psychologist

**{¶7}**    On January 29, 2021, Appellant filed motions *in limine.*

**{¶8}**    On February 2, 2021, Appellant filed for an *in camera* inspection of counseling records.

**{¶9}**    On March 1, 2021, the trial court granted Appellant's motion *in limine* and motion for additional discovery.

**{¶10}**    On July 12, 2021, Appellant entered a guilty plea to the offense as charged, on the conditions that each side argue for an appropriate sentence, a presentence investigation would be ordered, and that Appellant would have to register as a Tier III sex offender. (Plea T. at 4).

{¶11} On September 1, 2021, the trial court held a sentencing hearing, which was continued to determine the medical records of the victim.

{¶12} The hearing resumed on October 4, 2021, wherein the trial court sentenced Appellant to 4 to 6 years in prison

{¶13} Appellant now appeals, raising the following assignment of error on appeal:

## ASSIGNMENT OF ERROR

{¶14} "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND OHIO CRIM.R. 11 BY FAILING TO INFORM APPELLANT THERE WAS A PRESUMPTION IN FAVOR OF PRISON WHEN HE ENTERED A GUILTY PLEA."

## I.

{¶15} In his sole assignment of error, Appellant argues that his plea was not knowingly, intelligently, and voluntarily made. We agree.

{¶16} Specifically, Appellant argues that the trial court failed to inform him during his plea hearing that there was a presumption in favor of prison. The state agrees that the trial court failed to advise Appellant as to the presumption of a prison sentence.

### Standard of Appellate Review

{¶17} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶18}** Crim.R. 11 governs rights upon plea. Subsection (C)(2) states the following:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶19}** The standard for a trial court's Crim.R. 11 non-constitutional notifications under (C)(2)(a) and (b) is substantial compliance; the standard for Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶20} In *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), the Supreme Court of Ohio explained the following:

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Stewart* [*State v.,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)]*, supra; State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id.*

{¶21} Appellant herein was charged with and pled guilty to one count of Rape, in violation of R.C. §2907.02(A)(2), which provides:

> (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

> (B) Whoever violates this section is guilty of rape, a felony of the first degree. …

{¶22} R.C. §2929.13(F)(2) requires that the sentencing court impose a prison term for "[a]ny rape, regardless of whether force was involved and regardless of the age of the victim * * *."

{¶23} Upon review of the record from the change of plea hearing, we find the following:

{¶24} Appellant's plea hearing began with the parties reciting the terms of the plea agreement. (Plea T. at 4-5). Appellant was sworn to testify at the plea hearing. *Id.* at 7. Appellant indicated that he did have difficulty with the ability to read and write. *Id.* at 8. The trial court reviewed in detail with Appellant the terms of the plea agreement. *Id.* at 10. The trial court then explained indefinite sentencing to Appellant. *Id.* at 14. The trial court explained the sentencing range of prison terms to Appellant. *Id.* at 22. The trial court then explained Appellant's trial rights to him. *Id.* at 17-20. The trial court also advised Appellant as to post-release control and sex offender requirements. *Id.*

{¶25} However, when describing the range of prison sentences, the trial court not only failed to inform Appellant that he was subject to a mandatory prison term if the court accepted his guilty plea to the rape count, the trial court misinformed Appellant by indicating to him that a prison sentence was not mandatory in this case. *Id.* at 23-24, 26. The plea form also incorrectly states that a prison term is not mandatory for this rape conviction.

{¶26} The trial court also failed to inform Appellant that because the prison time was mandatory for a rape conviction, he was ineligible for community control sanctions in lieu of prison. In fact, the record establishes that the trial court did not even mention the possibility or impossibility of community control at the plea hearing.

{¶27} Because Appellant herein pleaded guilty to one count of rape, the trial court was required to sentence him to a mandatory prison term and to advise him that he was ineligible to be sentenced to community control sanctions.

**{¶28}** Here, Appellant was neither advised that he was subject to a mandatory sentence upon his conviction for rape, nor did the trial court inform him that he would be ineligible for community control if he was convicted.

**{¶29}** We also note that Appellant's plea form incorrectly states that a prison sentence for the rape count was not mandatory.

**{¶30}** "When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions." *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406; *See also State v. Smith*, 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990, 2014 WL 3030956, ¶ 11–12 (trial court's failure to notify defendant who pled no contest to rape charges of the amount of mandatory prison time and the time during which he would be ineligible for community control resulted in invalid plea that required reversal); *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, 2015 WL 3917983, ¶ 12 (finding that the trial court did not substantially comply with the notification requirement of Crim.R. 11(C)(2)(a) by wholly failing to advise the defendant that he was subject to mandatory prison terms for three rape convictions to which he pled guilty, which made him ineligible for community control sanctions in lieu of prison thus rendering his guilty pleas unknowing, involuntary, and unintelligently made); *State v. Rand*, 10th Dist. Franklin No. 03AP-745, 2004-Ohio-5838, 2004 WL 2474426, ¶ 23 (trial court committed reversible error when it accepted defendant's guilty plea because it misinformed him that his sentence was not mandatory); *State v. Givens*, 12th Dist. Butler No. CA2014-02-047,

2015-Ohio-361, 2015 WL 419882, ¶ 15–16 (trial court's failure to advise defendant that a guilty plea to a robbery charge carried a mandatory prison term that rendered him ineligible for community control or judicial release rendered the plea invalid so as to require reversal of the conviction and sentence).

**{¶31}** Thus, we conclude that in light of the foregoing analysis, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and an additional analysis of prejudice is unnecessary. Although clearly the prospect of probation would be a factor weighing heavily in favor of a plea. That probation is statutorily precluded could affect a person's decision to enter a plea of no contest or guilty." *State v. May*, 64 Ohio App.3d 456, 460, 581 N.E.2d 1154 (9th Dist.1989).

**{¶32}** Here, the trial court failed to inform Appellant that he was subject to a mandatory prison term before it accepted his guilty plea to the rape count. The trial court also failed to inform Appellant that because a prison sentence was mandatory for a rape conviction, he was ineligible for community control sanctions in lieu of prison. Furthermore, the plea form signed by Appellant incorrectly stated that a mandatory prison term was not required for his conviction for rape. Accordingly, we find that Appellant's guilty plea was not made knowingly, intelligently, and voluntarily.

**{¶33}** Accordingly, Appellant's pleas were not made knowingly, intelligently, and voluntarily.

**{¶34}** Appellant's sole assignment of error is sustained. The plea of guilty and sentence is vacated, and the matter is remanded to the trial court for further proceedings.

{¶35}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/kw  0718