[Cite as *State v. Morgan*, 2018-Ohio-319.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-29 |
| | : | |
| v. | : | T.C. NO. 2016-CR-132 |
| | : | |
| ISSAC MORGAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

Rendered on the 26th day of January, 2018.

. . . . . . . . . . .

ANDREW PICKERING, Atty. Reg. No. 68770, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

ANDREW SCHLUETER, Atty. Reg. No. 86701, 5540 Far Hills Avenue, Suite 202, Dayton, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Issac Morgan appeals his conviction and sentence for one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree. The

rape count was accompanied by a mandatory three-year firearm specification. Morgan was also sentenced to a mandatory five years of post-release control and informed that he was classified as a Tier III sex offender. Morgan filed a timely notice of appeal with this Court on March 20, 2017.

{¶ 2} On March 15, 2016, Morgan was indicted for two counts of rape, two counts of kidnapping, and one count of felonious assault. Each count was accompanied by a mandatory three-year firearm specification. At his arraignment on March 18, 2016, Morgan pled not guilty to all of the charges in the indictment.

{¶ 3} Thereafter on January 26, 2017, Morgan pled guilty to one count of rape and the accompanying firearm specification in exchange for dismissal of the remaining counts. After accepting Morgan's guilty plea, the trial court ordered the probation department to generate a presentence investigation report (PSI).

{¶ 4} On February 16, 2017, the trial court sentenced Morgan to ten years in prison for the rape count and to a mandatory three years in prison for the firearm specification. The trial court ordered that the sentence for the firearm specification be served prior to and consecutive to the sentence for the rape count, for an aggregate sentence of thirteen years imprisonment. The trial court also designated Morgan as a Tier III sex offender.

{¶ 5} It is from this judgment that Morgan now appeals.

{¶ 6} Morgan's sole assignment of error is as follows:

{¶ 7} "APPELLANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."

{¶ 8} In his sole assignment of error, Morgan contends that the trial court erred because it did not substantially comply with Crim.R. 11(C)(2) when it failed to inform him

that he was not eligible for community control sanctions because of the mandatory nature of his sentence for his rape conviction.

{¶ 9} In *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406, we stated the following:

> In determining whether to accept a defendant's guilty plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea. *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), at syllabus. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012–Ohio–199, ¶ 13, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). *Brown* at ¶ 13.

> Crim.R. 11(C)(2) requires the court to (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty [or no contest] and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights

to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007–Ohio–6675, ¶ 3. *See also State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 27.

The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶ 29. However, because Crim.R. 1 1(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g.*, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

Furthermore, when nonconstitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15. Where the trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (b), however, "an analysis of prejudice" is not implicated. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881

N.E.2d 1224, ¶ 22.

*Id.* at ¶¶ 4-7.

{¶ 10} At Morgan's plea hearing, the trial court stated the following in pertinent part:

The Court has been handed a written plea of guilty to Count One, the rape offense, with the three-year firearm specification. *The rape carries a possible maximum penalty of 11 years in prison*, $20,000 fine, restitution if any were found to be due and owing, and court costs. *Prison is a mandatory sentence for the firearm specification, and that's three years, which must be consecutive to any prison sentence the Defendant gets for the rape charge, which means a total possible maximum penalty of 14 years in prison*.

{¶ 11} The following exchange also occurred between the trial court and Morgan, to wit:

The Court: Did you understand the possible maximum penalty I read into the record?

Morgan: Yes, sir.

{¶ 12} While the record establishes that the trial court informed Morgan of the maximum possible sentence for rape and that he was subject to a mandatory three years in prison for the firearm specification, it is undisputed that at no point during the plea hearing did the trial court inform Morgan that he was subject to a mandatory prison sentence if it accepted his guilty plea for the rape offense. Morgan asserts that the trial court failed to comply with Crim.R. 11(C)(2)(a) because it failed to advise him that a prison sentence was mandatory for the rape charge that he was pleading guilty to and failed to

inform him that he was ineligible for community control sanctions in lieu of a prison term for this offense.

{¶ 13} R.C. 2929.13(F)(2) requires that the sentencing court impose a prison term for "[a]ny rape, regardless of whether force was involved and regardless of the age of the victim * * *."  Because Morgan pleaded guilty to one count of rape, the trial court had to sentence him to prison, and he was ineligible to be sentenced to community control sanctions. *See State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 12 (finding that the trial court did not substantially comply with the notification requirement of Crim.R. 11(C)(2)(a) by wholly failing to advise the defendant that he was subject to mandatory prison terms for three rape convictions to which he pled guilty, which made him ineligible for community control sanctions in lieu of prison thus rendering his guilty pleas unknowing, involuntary, and unintelligently made); *State v. Givens*, 12th Dist. Butler No. CA2014–02–047, 2015–Ohio–361, ¶ 15–16 (trial court's failure to advise defendant that guilty plea to robbery charge carried a mandatory prison term that rendered him ineligible for community control or judicial release rendered the plea invalid so as to require reversal of the conviction and sentence); *State v. Smith*, 5th Dist. Licking No. 13–CA–44, 2014–Ohio–2990, ¶ 11–12 (trial court's failure to notify defendant who pled no contest to rape charges of the amount of mandatory prison time and the time during which he would be ineligible for community control resulted in invalid plea that required reversal); *State v. Rand*, 10th Dist. Franklin No. 03AP–745, 2004–Ohio–5838, ¶ 23 (trial court committed reversible error when it accepted defendant's guilty plea because it misinformed him that his sentence was not mandatory).

{¶ 14} In the instant case, the State argues that the trial court substantially

complied with Crim.R. 11(C)(2) because it expressly informed Morgan that he was subject to a mandatory three-year prison term for the firearm specification attached to the rape count. However, a conviction for the firearm specification was contingent upon the trial court accepting Morgan's guilty plea to the rape count. Furthermore, it is undisputed that the trial court failed to inform Morgan that he was subject to a mandatory prison term if it accepted his guilty plea to the rape count. The trial court also failed to inform Morgan that because the prison time was mandatory for a rape conviction, he was ineligible for community control sanctions in lieu of prison. In fact, the record establishes that the trial court did not even mention the possibility or impossibility of community control at the plea hearing.

{¶ 15} "When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions." *Balidbid*, at ¶ 10. Even if Morgan and his counsel "believed the community control was unlikely, such an understanding would not constitute substantial compliance, given the mandatory nature of his [rape] sentence." *Id.* at ¶ 12.

{¶ 16} Here, Morgan was neither advised that he was subject to a mandatory sentence upon his conviction for rape, nor did the trial court inform him that he would be ineligible for community control if he was convicted. We also note that Morgan's plea form did not affirmatively state that his prison sentence for the rape count was mandatory. Rather, the plea form states for Morgan's rape conviction as follows: "PRISON TERM IS MANDATORY n/a." Assuming "n/a" is understood to be an acronym for "not applicable,"

as is it commonly understood to be, Morgan's plea form suggests that a mandatory prison sentence is "not applicable" for his rape conviction, and is therefore, an incorrect statement of law which went unnoticed by the trial court and the parties.

{¶ 17} Thus, we conclude that in light of the foregoing analysis, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and an additional analysis of prejudice is unnecessary. The trial court failed to inform Morgan that he was subject to a mandatory prison term before it accepted his guilty plea to the rape count. The trial court also failed to inform Morgan that because the prison time was mandatory for a rape conviction, he was ineligible for community control sanctions in lieu of prison. Furthermore, the plea form signed by Morgan incorrectly stated that a mandatory prison term was "not applicable" to his conviction for rape. Accordingly, we find that Morgan's guilty plea was not made knowingly, intelligently, and voluntarily.

{¶ 18} Morgan's sole assignment of error is sustained.

{¶ 19} Morgan's sole assignment of error having been sustained, the trial court's judgment is reversed, and the matter will be remanded for proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Andrew Pickering
Andrew Schlueter
Hon. Richard J. O'Neill