[Cite as *State v. Pierce*, 2018-Ohio-3699.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27953 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2969 |
| | : | |
| ROBERT D. PIERCE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of September, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL B. MILLER, Atty. Reg. No. 0079305, 2233 Miamisburg-Centerville Road, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert D. Pierce, Jr., appeals his conviction and sentence for one count of violating a protection order, in violation of R.C. 2919.27(A)(1), a felony of the fifth degree.

{¶ 2} On October 13, 2017, Pierce was indicted for one count of violating a protection order.   At his arraignment on November 16, 2017, Pierce stood mute, and the trial court entered a plea of not guilty on his behalf.   A jury trial was scheduled to begin on January 11, 2018.

{¶ 3} Just prior to jury selection on January 10, 2018, Pierce pled no contest to one count of violating of a protection order.   The trial court accepted his no contest plea and scheduled sentencing for February 13, 2018.   The trial court also ordered the Adult Probation Department to prepare a pre-sentence investigation report (PSI).   On the day his sentencing hearing was scheduled, Pierce made an oral request to withdraw his plea, claiming that he was under "duress" when he initially entered his no contest plea on January 10, 2018.   The trial court scheduled a hearing on Pierce's motion to withdraw his plea for February 26, 2018, and appointed new counsel to represent him at the hearing.

{¶ 4} On February 26, 2018, the trial court held a hearing on Pierce's motion to withdraw his plea.[1]   Thereafter on March 1, 2018, the trial court issued a decision overruling Pierce's motion to withdraw his no contest plea, ultimately finding that the

---

[1] We note that the trial judge who presided over Pierce's motion to withdraw his no contest plea and the subsequent hearing on said motion was not the same trial judge who originally accepted his plea.

motion was based upon a mere "change of heart." On March 2, 2018, the trial court sentenced Pierce to prison for 12 months.

{¶ 5} It is from this judgment that Pierce now appeals.

{¶ 6} Because they are interrelated, Pierce's first and second assignments of error will be discussed together as follows:

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S NO CONTEST PLEA BECAUSE IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW PLEA [sic].

{¶ 7} In his first assignment, Pierce contends that the trial court erred when it accepted his no contest plea because it was clear he was "under duress," thereby rendering his plea involuntary. Specifically, Pierce argues that he acted under duress when he pled no contest because he wanted to be able to attend to his sick father. Pierce argues that he was aware that if he pled no contest, he would be released for approximately five weeks, thereby allowing him to care for his ailing father before his sentencing would occur. Pierce asserts that the video of the plea hearing establishes that he hesitated before admitting that the facts of the indictment, as read by the State, were true.[2] Pierce argues that his hesitation before answering the trial court was indicative that he acted under duress. Therefore, Pierce's argues that his pleas were not

---

[2] No written transcript of the Crim.R. 11 plea hearing was provided to this Court, only a video recording of the proceedings. Although we have reviewed this recording, we note that App.R. 9(B)(1) requires an appellant to provide a written transcript of all parts of the proceedings necessary for inclusion in the record.

made in a knowing, voluntary, and intelligent fashion.

{¶ 8} Crim.R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim.R. 11(C)(2)(a).

{¶ 9} In order for a plea to be made knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). If a defendant's guilty plea is not voluntary and knowing, "it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274, fn. 5 (1969), quoting *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct 1166, 22 L.Ed.2d 418 (1969).

{¶ 10} A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. *Id.* at 243. However, substantial compliance with Crim.R. 11(C) is sufficient when waiving non-constitutional rights. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). The non-constitutional rights of which a defendant must be informed are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); *State v. Morgan*, 2018-Ohio-319, __N.E.3d__, ¶ 9 (2d Dist.), quoting *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406; *see also McCarthy v. U.S.*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Nero* at

108.

{¶ 11} A defendant who challenges his no contest plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *State v. Goens*, 2d Dist. Montgomery No. 19585, 2003-Ohio-5402, ¶ 16, citing *Nero* at 108; Crim.R. 52(A). The test is whether the plea would have been otherwise made. *Id.*

{¶ 12} Upon review, we find that the trial court substantially complied with Crim.R. 11(C)(2), and there is nothing in the video record of the plea hearing that demonstrates Pierce's no contest plea was other than knowing, intelligent and voluntary. During the plea hearing, Pierce indicated that he was satisfied with the representation afforded him and had sufficient time to discuss the matter with his lawyer. Pierce acknowledged that he had not been threatened or promised anything other than the dismissal of a charge against him in return for his no contest plea. Pierce stated he was not under the influence of drugs or alcohol. Pierce did not indicate to the court that he was under any emotional stress. Pierce indicated that his plea was voluntary and acknowledged that he understood the nature of the charges against him. Pierce acknowledged all of his rights, indicated that he understood them, and signed the plea form. Significantly, there is nothing in the video record which establishes that Pierce was acting under duress when he entered his no contest plea. In fact, the video recording of the no contest plea depicts little or no hesitation on Pierce's part when answering the questions posed to him by the trial court, and certainly no level of hesitation which would indicate that Pierce was acting under duress when entering the plea. Accordingly, we find Pierce's no contest plea was knowingly, voluntarily, and intelligently made.

{¶ 13} In his second assignment, Pierce contends that the trial court abused its

discretion when it denied the motion to withdraw his no contest plea pursuant to Crim.R. 32.1.  As previously stated, Pierce argues that the trial court should have granted his motion to withdraw because he was under duress when he pled no contest and only did so in order to be able to take care of his sick father.  Pierce also argues that he has maintained his innocence of the charge of violating a protection order throughout the pendency of the instant proceedings.

{¶ 14} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Under Crim.R. 32.1, a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  However, "[a] defendant does not have an absolute right to withdraw his plea, even if the motion is made prior to sentencing." *Id.*; *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 18.

{¶ 15} In reviewing a trial court's decision on a defendant's motion to withdraw his or her plea filed before sentencing, we apply the following nine factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is

prejudiced by withdrawal of the plea. *E.g.*, *State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 218 (2d Dist.); *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29.

{¶ 16} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *Warrix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie*, 62 Ohio St.3d at 527. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his or her plea. *State v. Maddickes*, 2d Dist. Clark No. 2013 CA 7, 2013-Ohio-4510, ¶ 15. However, in considering whether to allow withdrawal of the plea, it is not simply sufficient for the trial court to find that the Crim.R. 11 colloquy satisfied the requirements of that Rule and the United States and Ohio Constitutions; if it were, even a pre-sentence plea could never be withdrawn. *Id.*

{¶ 17} It is within the sound discretion of the trial court to grant or deny a motion to withdraw a plea. *Xie* at 526. We will not reverse a trial court's decision to deny a motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.* at 527, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 18} Initially, we note that the trial court made findings on most of the above factors, and the record supports these findings. The court found that Pierce was represented by highly competent counsel. There is no evidence to the contrary. The trial court said that it had made a detailed review of the no contest plea entered by Pierce. The trial court found that "[t]he credible evidence does not support [Pierce]'s claim that his plea was less than voluntary." The video recording of the plea colloquy establishes

that Pierce understood the nature of the charge and the potential sentence. Pierce was expressly advised of both, and he said that he understood. The trial court specifically asked Pierce if he had had the opportunity to talk with his attorney about the case, and Pierce said that he had. Indeed, at the plea withdrawal hearing Pierce admitted that before pleading he had spoken at length with his attorney and that he was very satisfied with her representation.

{¶ 19} At the motion to withdraw hearing, Pierce testified that he lived with his father and claimed that he was the only person available to care for him. Pierce testified that he had a sister living in Lebanon, Ohio. Additionally, Pierce acknowledged that a nurse traveled to his home every other day to provide care for his father. Although Pierce's father did appear to have a medical condition necessitating care, there is nothing in the record which established that Pierce was the only person that his father had to rely on for care. As noted by the trial court, no evidence was adduced which established that Pierce has any special skills and/or medical training or that he alone was capable of caring for his father. Finally, at the time of the withdrawal hearing, Pierce testified that his father's medical condition was stable. The trial court concluded that Pierce was attempting to use his father's medical condition, a circumstance of which he aware at the time of his original no contest plea, "as a cause to with withdraw an otherwise knowing, intelligent and voluntary plea."

{¶ 20} In the instant case, the only factors that potentially favored Pierce's motion to withdraw were his alleged state of duress at the time of the plea and his claim that he was innocent. The video recording contradicts Pierce's suggestion of duress, and his claim of innocence was first advanced at the hearing on his motion to withdraw his plea.

Nevertheless, the trial court found that based upon the testimony of Pierce and his former attorney at the withdrawal hearing, he "has [had] nothing more than a change of heart." We cannot say that the trial court erred in its analysis. In our view, the record here does not support Pierce's claim that he was under duress when he entered his no contest plea. Rather, the record supports the trial court's conclusion that Pierce's claim of duress based upon his father's medical condition was simply not credible. "[A] change of heart, without some additional justification, is not a sufficient basis for the withdrawal of a guilty or no contest plea." *State v. Deloach*, 2d Dist. Montgomery No. 21422, 2006-Ohio-6303, ¶ 17; *see also State v. Delpinal*, 2d Dist. Clark Nos. 2015-CA-97, 2015-CA-98, 2016-Ohio-5646, ¶ 9 (saying that "[a] 'change of heart' is not enough"). "[W]here the only reason given by the defendant is a change of heart," "[a] trial court that denies a pre-sentence motion to withdraw a guilty plea does not abuse its discretion." *State v. Spurgeon*, 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, ¶ 18. Additionally, a defendant's claim of innocence alone is insufficient grounds for vacating a plea that was knowingly, voluntarily, and intelligently entered. *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶ 21} On these facts, the trial court reasonably found that Pierce did not have a sufficient reason to withdraw his plea but merely had a change of heart. Therefore, we cannot say that the trial court abused its discretion by denying Pierce's motion to withdraw his no contest plea.

{¶ 22} Pierce's first and second assignments of error are overruled.

{¶ 23} Pierce's first and second assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael P. Allen
Michael B. Miller
Hon. Mary Katherine Huffman