[Cite as *State v. Terrell*, 2021-Ohio-1840.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee         :       Appellate Case No. 2020-CA-24
                                       :
v.                                     :       Trial Court Case Nos. 2019-CR-523
                                       :
MARC TERRELL                           :       (Criminal Appeal from
                                       :       Common Pleas Court)
    Defendant-Appellant        :
                                       :

· · · · · · · · · · ·

O P I N I O N

Rendered on the 28th day of May, 2021.

· · · · · · · · · ·

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 46 ½ North Sandusky Street, Delaware, Ohio 43015
    Attorney for Defendant-Appellant

· · · · · · · · · · · ·

WELBAUM, J.

{¶ 1} Defendant-appellant, Marc Terrell, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to aggravated vehicular homicide, aggravated vehicular assault, and operating a vehicle under the influence of alcohol ("OVI"). In support of his appeal, Terrell contends that his guilty pleas to aggravated vehicular homicide and aggravated vehicular assault were not knowingly, intelligently, and voluntarily entered and should be vacated. Terrell also claims that his trial counsel provided ineffective assistance during his plea proceedings and that the trial court erred by imposing maximum, consecutive prison sentences. For the reasons outlined below, Terrell's judgment of conviction will be reversed and the matter will be remanded to the trial court for further proceedings.

### Facts and Course of Proceedings

{¶ 2} On August 20, 2019, Terrell was indicted for one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), felonies of the third degree; one count of OVI in violation of R.C. 4511.19(A)(1)(i), a misdemeanor of the first degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. The charges stemmed from Terrell's colliding with an oncoming vehicle while he was driving under the influence of alcohol. As a result of the collision, one of the three occupants inside the other vehicle was killed and another occupant was seriously injured. When law enforcement arrived at the scene of the accident, one of the officers observed Terrell attempting to hide a case of beer that was inside his vehicle.

{¶ 3} Following plea negotiations, Terrell agreed to plead guilty to aggravated vehicular homicide, OVI, and one of the two counts of aggravated vehicular assault. In exchange for Terrell's guilty plea, the State agreed to dismiss the remaining charges against him. The State also agreed to have a presentence investigation ("PSI") completed for purposes of sentencing.

{¶ 4} At the plea hearing, the trial court engaged in a plea colloquy with Terrell. During the plea colloquy, the trial court advised Terrell of the possible penalty he faced for aggravated vehicular homicide and stated the following:

> The aggravated vehicular homicide offense is a felony of the second degree. ***The sentencing range for that offense would be anywhere from community control sanctions also known as probation up to a maximum penalty of twelve years in the Ohio State Penitentiary***. Typically for a second degree felony, the sentencing range, ***if prison is imposed***, is anywhere between two and eight years. The law has recently changed. And whatever amount of time the court would impose, ***if it imposed a prison sentence***, that would be the minimum term; and then the maximum term would be adding 50% to that minimum term. So essentially, the maximum prison term for this offense would be an eight-year prison term, but it would be an indefinite prison term and adding 50% to the eight, which is four, and it would make it eight to twelve as an indefinite sentence.

(Emphasis added.) Plea Hearing Trans., p. 6-7.

{¶ 5} After Terrell indicated that he understood the aforementioned statements, the

trial court advised Terrell about the possible penalty for aggravated vehicular assault and stated the following: "For the aggravated vehicular assault offense, that's a felony of the third degree. ***The sentencing range for that offense would be anywhere from community control sanctions up to a maximum penalty of five years in the Ohio State Penitentiary***." (Emphasis added.) *Id.* at 7.

{¶ 6} Terrell once again indicated that he understood the trial court's statements. Thereafter, the trial court advised Terrell about the penalty for OVI and stated the following: "The OVI offense is a first degree misdemeanor. The sentencing range for that offense would be anywhere from three days of incarceration, ***which would be mandatory***, up to a maximum penalty of six months incarceration." (Emphasis added.) *Id.* at 7-8.

{¶ 7} Shortly after Terrell indicated that he understood the trial court's statements regarding the OVI offense, the trial court once again indicated that Terrell was eligible for community control sanctions and stated the following: "***If you were placed on community control***, conditions of it could include time in the county jail, fines, and restitution. ***If you're sentenced to prison***, then upon your release you will be placed on a mandatory post-release control." (Emphasis added.) Plea Hearing Trans., p. 9.

{¶ 8} Following its plea colloquy, the trial court accepted Terrell's guilty pleas as knowingly, intelligently, and involuntarily entered. The trial court then ordered a PSI and scheduled the matter for a sentencing hearing. At the sentencing hearing, the trial court imposed the maximum possible prison sentence for each of the three offenses and ordered the sentences to be served consecutively for a total, aggregate term of 13.5 years to 17.5 years in prison.

{¶ 9} Terrell now appeals from his conviction, raising three assignments of error for review.

**First Assignment of Error**

{¶ 10} Under his first assignment of error, Terrell contends that his guilty pleas to aggravated vehicular homicide and aggravated vehicular assault were not knowingly, intelligently, and voluntarily entered. In support of this claim, Terrell asserts that the trial court failed to inform him at the plea hearing that by pleading guilty, he would be subject to mandatory prison terms for those offenses. Terrell also claims that the trial court incorrectly advised him that he was eligible for community control sanctions. Terrell further argues that the plea form provided by the trial court incorrectly stated that prison terms were not mandatory for the aggravated vehicular homicide and aggravated vehicular assault offenses. As a result of this misinformation, Terrell asserts that the trial court completely failed to comply with Crim.R. 11(C)(2)(a), which necessitates the vacation of his guilty pleas and the reversal of his conviction.

{¶ 11} Generally speaking, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. There are, however, two exceptions to this rule. *Id.* at ¶ 14-16.

{¶ 12} The first exception is that the trial court must comply strictly with Crim.R. 11(C)(2)(c) as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 14. "When

a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 13} The second exception is that "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. However, a defendant still must show prejudice if the trial court partially complied with Crim.R. 11(C) in regard to a non-constitutional right. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 19.

{¶ 14} Pursuant to Crim.R. 11(C)(2)(a), before accepting a guilty plea, the trial court must personally address the defendant and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Because this is a non-constitutional advisement, the trial court must completely fail to comply with a portion of this advisement in order for a plea to be vacated without a demonstration of prejudice.

{¶ 15} With regard to mandatory prison sentences, we have explained that: " 'When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community

control sanctions.' " *State v. Morgan*, 2018-Ohio-319, 104 N.E.3d 941, ¶ 15 (2d Dist.), quoting *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406, ¶ 10.

{¶ 16} In this case, the parties do not dispute that pursuant to R.C. 2903.06(B)(2)(a) and R.C. 2903.08(D)(1), a mandatory prison term was required for Terrell's conviction for aggravated vehicular homicide and aggravated vehicular assault. The parties also do not dispute that the trial court failed to advise Terrell of that fact at the plea hearing. The parties further do not dispute that the trial court made statements at the plea hearing incorrectly indicating that Terrell was eligible for community control sanctions. There is additionally no dispute that the plea form signed by Terrell incorrectly indicated that prison terms were not mandatory for the aforementioned offenses. The only issue in dispute is whether the trial court's misinformation constitutes partial compliance with Crim.R. 11(C)(2)(a), which would require a showing of prejudice in order to vacate Terrell's guilty pleas, or a complete failure to comply with the rule, which would not require a showing of prejudice.

{¶ 17} In *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, we recently discussed what constitutes a complete failure to comply with Crim.R. 11(C)(2)(a) by citing the following excerpt from *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 14-26 (12th Dist.):

> " '[A] trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea.' [*State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20]. 'Or stated

differently, *a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty. By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a).' "* Id.

(Emphasis added.) *Harris* at ¶ 22, quoting *Rogers* at ¶ 19.

{¶ 18} In an effort to establish that the trial court completely failed to comply with Crim.R. 11(C)(2)(a), Terrell relies on this court's decision in *Morgan*, 2018-Ohio-319, 104 N.E.3d 941. In *Morgan*, the trial court failed to inform the defendant that he was subject to a mandatory prison term before the trial court accepted the defendant's guilty plea to rape. *Id.* at ¶ 16. The trial court also failed to inform the defendant that he was ineligible for community control sanctions in lieu of prison. *Id.* The plea form signed by the defendant in *Morgan* also incorrectly stated that a mandatory prison term was "not applicable" to his conviction for rape. *Id.* Under these circumstances, we found that "the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and an additional analysis of prejudice is unnecessary." *Id.* at ¶ 17. Therefore, we held in *Morgan* that the defendant's guilty plea was not made knowingly, intelligently, and voluntarily. *Id.*

{¶ 19} Although *Morgan* applied the pre-*Dangler* substantial compliance analysis, we nevertheless find it instructive on the issue presented herein. In our view, *Morgan* is an example of when a trial court completely failed to comply with a component of Crim.R. 11(C)(2)(a), a situation in which no showing of prejudice was required to vacate the defendant's guilty plea. That said, we find the present case is distinguishable from

*Morgan*.   Unlike the present case, in *Morgan,* "the trial court did not even mention the possibility or impossibility of community control at the plea hearing."   *Id.* at ¶ 14.   In the instant case, however, the trial court told Terrell multiple times that community control sanctions were possible for Terrell's aggravated vehicular homicide and aggravated vehicular assault offenses.

{¶ 20} In addition, the trial court specifically advised Terrell that his OVI offense carried a mandatory term of incarceration while providing no similar advisement for the other two offenses.   By omitting a similar advisement for aggravated vehicular homicide and aggravated vehicular assault, and by indicating that community control sanctions were possible for those offenses, the trial court effectively indicated that prison terms were not mandatory for those offenses when they, in fact, were.   This incorrect information was also provided in the plea form.   Therefore, instead of completely omitting information, the trial court simply provided inaccurate information regarding Terrell's eligibility for community control sanctions.   For this reason, rather than a complete failure, we find that the trial court partially failed to comply with a component of Crim.R. 11(C)(2)(a).

{¶ 21} Because the trial court partially failed to comply with Crim.R. 11(C)(2)(a), Terrell must establish that he was prejudiced by the trial court's misinformation in order to have his guilty pleas vacated, i.e., that he would not have pled guilty had he known that prison was mandatory for the aggravated vehicular homicide and aggravated vehicular assault offenses.   Although Terrell's primary argument on appeal is that no showing of prejudice is required to vacate his guilty pleas due to the trial court's completely failing to comply with Crim.R.11(C)(2)(a), Terrell also claims that he was prejudiced by the

misinformation, and we conclude that he would not have pled guilty had he known community control sanctions were an impossibility.

{¶ 22} "Clearly, the prospect of probation would be a factor weighing heavily in favor of a plea. That probation is statutorily precluded could affect a person's decision to enter a plea of no contest or guilty." *State v. May*, 64 Ohio App.3d 456, 460, 581 N.E.2d 1154 (9th Dist.1989). Therefore, "[w]here the trial court erroneously informs an accused who enters a guilty plea and who is ineligible for probation on the offense to which he/she is pleading guilty that the accused is eligible for probation and the accused does not believe otherwise, the plea cannot be viewed as either voluntary or knowing since 'the prospect of probation would be a factor weighing heavily in favor of a plea.' " *State v. Floyd,* 4th Dist. Scioto No. 92CA2102, 1993 WL 415287, *6 (Oct. 13, 1993), quoting *May* at 460. In other words "[t]he prejudice to a defendant is apparent when the court informs him/her that he/she is eligible for probation although it is actually unavailable. In such case, a defendant might be coerced into pleading guilty because of the possibility of probation." *Id. See also State v. Rand*, 10th Dist. Franklin No. 03AP-745, 2004-Ohio-5838, ¶ 22-23 (finding prejudicial error existed where the trial court incorrectly advised the defendant at the plea hearing that a prison sentence was not mandatory for his offense); *State v. Smith*, 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990, ¶ 11-13 (finding prejudicial error existed where the defendant was unaware of the amount of mandatory prison time and of the fact that he would be ineligible for judicial release or community control sanctions).

{¶ 23} In an attempt to show that Terrell was *not* prejudiced by the trial court's misinformation, the State directs this court's attention the Supreme Court of Ohio's

decision in *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623. *Straley* involved an appeal from a decision denying a post-sentence motion to withdraw a guilty plea. The plea withdrawal motion in *Straley* was based on the trial court's incorrectly stating at the plea hearing that prison sentences for the defendant's three counts of sexual battery were not mandatory and that the imposition of community control sanctions was "legally possible." *Id*. at ¶ 3-4. Although the trial court mistakenly told the defendant that it was "legally possible" for the court to order community control, the trial court subsequently told the defendant that: "it's not going to happen in this case," which the defendant confirmed he understood. *Id*. at ¶ 4 and ¶ 17. Under these circumstances, the Supreme Court determined that the trial court "did not wholly fail to comply with Crim.R. 11" and found that the defendant was not prejudiced by the trial court's misinformation. *Id*. at ¶ 19-22.

{¶ 24} The Supreme Court reached this conclusion, in part, because the defendant's motion to withdraw his guilty plea was filed eight years after the defendant filed a direct appeal in which the defendant never challenged the validity of his guilty plea. *Id.* at ¶ 21. The Supreme Court found that "Straley's eight-year delay in moving to withdraw his plea * * *undercuts his assertion that he would not have pled guilty if he knew part of his sentence would be mandatory." *Id*. The Supreme Court also found that, because the defendant pled guilty in exchange for an agreed sentence of 35 years and 10 months in prison, the defendant "could not have reasonably expected to serve any less than [the agreed] sentence." *Id*. at ¶ 18.

{¶ 25} *Straley* is clearly distinguishable from the present case. Unlike *Straley*, the present case involves a direct appeal in which Terrell is challenging the validity of his

guilty plea. In addition, the present case does not involve an agreed sentence to a prison term. Furthermore, the trial court in *Straley* notified the defendant at the plea hearing that he would not be receiving community control sanctions, thereby negating any possible prejudice arising from the trial court incorrectly stating that community control sanctions were "legally possible." In this case, no similar notification was provided by the trial court at the plea hearing or in the plea form. There is, in fact, nothing in the record of the plea proceedings to indicate that Terrell knew or should have known that community control sanctions could not or would not be imposed for his aggravated vehicular homicide and aggravated vehicular assault offenses.

{¶ 26} Although it is clear that Terrell knew that he was going to be incarcerated for the OVI offense, as the trial court properly advised Terrell that he could serve up to 180 days in jail with at least three days being mandatory, that term was significantly less than the prison terms that Terrell faced for aggravated vehicular homicide and aggravated vehicular assault. Being a first-time offender with no criminal history, Terrell may very well have based his decision to plead guilty on his belief that community control sanctions were possible for one or both of those offenses. Therefore, given the foregoing, we find that prejudice is apparent from the trial court's misinformation in this case, thereby requiring this court to conclude that Terrell's guilty plea was not knowingly, intelligently, and voluntarily entered.

{¶ 27} Terrell's first assignment of error is sustained.


**Second and Third Assignments of Error**

{¶ 28} Under his second assignment of error, Terrell contends that his conviction

should be reversed based on several allegations of ineffective assistance of trial counsel. Under his third assignment of error, Terrell challenges the trial court's decision to impose maximum, consecutive prison sentences. Our resolution of Terrell's first assignment of error renders both of these issues moot since Terrell's conviction must be reversed as a result of his guilty plea not having been knowingly, intelligently, and voluntarily entered. Therefore, for the reasons outlined above, we overrule Terrell's second and third assignments of error as moot.

## Conclusion

{¶ 29} Having sustained Terrell's first assignment of error, Terrell's conviction will be reversed and the matter will be remanded to the trial court for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
April F. Campbell
Hon. Douglas M. Rastatter