[Cite as *State v. Crook*, 2022-Ohio-896.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

EDDIE CROOK, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0051**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 548

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed. Vacated. Remanded.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Lydia Evelyn Spragin,* 6100 Oak Tree Boulevard, Suite 200, Independence, Ohio 44131, for Defendant-Appellant.

Dated:  March 18, 2022

_____

**D'Apolito, J.**

{¶1}   Appellant, Eddie Crook, appeals from the May 11, 2021 judgment of the Mahoning County Court of Common Pleas concurrently sentencing him to an indefinite term of 3 to 4.5 years in prison for felonious assault and grand theft; imposing an additional 1,416 days of a "reserved sentence" due to him being on post-release control under a prior case, Case No. 12 CR 112, at the time the new offenses were committed; and ordering that the additional 1,416 days are to be served consecutively for a total of 6.8 to 8.4 years in prison, following a guilty plea.

{¶2}   On appeal, Appellant argues (1) the trial court erred in accepting his guilty plea because it was not made in a knowing, intelligent, and voluntary manner; (2) that because the written plea of guilty and the colloquy at the hearing are silent regarding a "reserved sentence," the court thereby erred in imposing the additional 1,416 days of remaining post-release control from his 2012 case and ordering that it run consecutively; and (3) his trial counsel was ineffective.  For the reasons stated, we reverse the trial court's judgment, vacate Appellant's plea and sentence, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

{¶3}   On September 24, 2020, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1)(D)(1)(a), with notice of a prior conviction specification pursuant to R.C. 2929.13(F)(6), and a repeat violent offender specification (cause, attempt, or threat of physical harm – multiple convictions) pursuant to R.C. 2941.149(A); and count two, grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(3)(B)(2).  Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶4}   On March 23, 2021, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to count one, felonious assault, a felony of the

second degree, in violation of R.C. 2903.11(A)(1)(D)(1), and count two, grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(3)(B)(2).

{¶5} The written plea agreement lists the maximum penalties for felonious assault (8-12 years) and for grand theft (18 months). (3/23/2021 Written Plea of Guilty, p. 2). Appellee, the State of Ohio, recommended 5 to 7.5 years while Appellant's defense counsel recommended 3 to 4.5 years. (*Id.*) The State agreed to move to dismiss the notice of a prior conviction specification pursuant to R.C. 2929.13(F)(6) and the repeat violent offender specification (cause, attempt, or threat of physical harm – multiple convictions) pursuant to R.C. 2941.149(A). (*Id.* at p. 1). Appellant recognized that sentencing lies solely within the discretion of the trial court and that any agreement between the State and his defense counsel is merely a recommendation. (*Id.* at p. 3). Appellant was further advised that if he were now under the supervision of the Ohio Adult Parole Authority or the Mahoning County Probation Department, this plea "may" result in revocation proceedings that "could" subject him to additional penalties, "possibly" consecutive sentences. (*Id.* at p. 4).

{¶6} There was no mention of any specific prior cases, namely Case No. 12 CR 112, at the plea hearing and/or in the written plea of guilty. The trial court accepted Appellant's guilty plea, ordered a PSI, and deferred sentencing.

{¶7} At the May 10, 2021 sentencing hearing, the State mentioned Appellant's prior case from 2012, Case No. 12 CR 112, and indicated he was on post-release control. Appellant and his counsel informed the trial court that they believed Appellant had completed his post-release control. The next day, the trial court concurrently sentenced Appellant to 3 to 4.5 years on count one, felonious assault, and 18 months on count two, grand theft, for a total of 3 to 4.5 years in prison. The notice of a prior conviction specification pursuant to R.C. 2929.13(F)(6) and the repeat violent offender specification (cause, attempt, or threat of physical harm – multiple convictions) pursuant to R.C. 2941.149(A) were dismissed. Thus, the trial court sentenced Appellant in accordance with the recommendation of his defense counsel. However, the court further imposed an additional 1,416 days of Appellant's "reserved sentence" due to him being on post-release control under Case No. 12 CR 112 at the time the new offenses were committed. The additional 1,416 days were ordered to be served consecutively for a total of 6.8 to 8.4

years in prison.  Appellant's sentence also includes three years of mandatory post-release control.

{¶8}    Appellant filed a timely appeal and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE WRITTEN PLEA OF GUILTY WAS NEITHER KNOWING, VOLUNTARY, NOR INTELLIGENT AND THE TRIAL COURT ERRED BY ACCEPTING MR. CROOK'S PLEA OF GUILTY.**

## ASSIGNMENT OF ERROR NO. 2

**THE COURT ERRED WHEN THE COURT IMPOSED AN ADDITIONAL 1,416 DAYS OF A "RESERVE SENTENCE" WITHOUT GIVING MR. CROOK THE BENEFIT OF DUE PROCESS AND WITHOUT EXPLANATION TO ALLOW MR. CROOK TO HAVE A FULL, COMPLETE, AND ACCURATE UNDERSTANDING OF HIS MAXIMUM EXPOSURE. BOTH THE WRITTEN PLEA OF GUILTY AND ANY COLLOQUY WITH THE COURT ARE SILENT UNTIL THE ACTUAL IMPOSITION IS SPRUNG ON MR. CROOK EVEN IN LIGHT THAT BOTH MR. CROOK AND HIS TRIAL COUNSEL TOLD THE COURT THAT HE HAD COMPLETED HIS PRC IN FULL AND THERE WAS NO MENTION OF A "RESERVE SENTENCE."**

{¶9}    In his first assignment of error, Appellant argues the trial court erred in accepting his guilty plea because it was not made in a knowing, intelligent, and voluntary manner.  In his second assignment of error, Appellant contends that because the written plea of guilty and the colloquy at the hearing are silent regarding a "reserved sentence," the court thereby erred in imposing an additional 1,416 days of remaining post-release control from his 2012 case and ordering that it run consecutively.  Because Appellant's first and second assignments are interrelated and are dispositive of this appeal, we will address them together for ease of discussion.

Case No. 21 MA 0051

> Crim.R. 11(C) governs the procedure a trial court must follow before accepting a guilty plea in a felony case. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). A trial court must strictly comply with Crim.R. 11(C)(2)[(c)] pertaining to the waiver of federal constitutional rights. *State v. Martinez,* 7th Dist. No. 03MA196, 2004-Ohio-6806, at ¶ 12. However, it need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights * * *." *Id.,* citing Crim.R. 11(C)(2)(a)(b).

*State v. McQueen*, 7th Dist. Mahoning No. 08 MA 24, 2008-Ohio-6589, ¶ 39.

> The Ohio Supreme Court has recognized that notice of postrelease control falls within a defendant's nonconstitutional rights. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26. * * *

> Under the substantial-compliance standard, we review the totality of circumstances surrounding the defendant's plea in order to determine whether he subjectively understood the effect of his plea. *Sarkozy*, supra, at ¶ 20. If the trial court completely neglects to advise a defendant of a nonconstitutional right, the plea is vacated without a prejudice analysis. *State v. Cruz-Ramos*, 2019-Ohio-779, —— N.E.3d —— (7th Dist.), citing *Sarkozy* at ¶ 22, 25. If the trial court partially complies with the rule, the plea will only be vacated when prejudice is shown. *Id.* citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. In order to establish prejudice, the defendant must show that the plea would not have been otherwise entered. *State v. Cologie*, 7th Dist. Belmont No. 17 BE 0009, 2017-Ohio-9217, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

*State v. Bailey*, 7th Dist. Belmont No. 18 BE 0052, 2019-Ohio-4746, ¶ 5-6.

**{¶10}** Specifically, Crim.R. 11 (C)(2), "Pleas of Guilty and No Contest in Felony Cases," states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

**{¶11}** The Supreme Court of Ohio was asked in 2018 to resolve a certified conflict between judgments of the Second District Court of Appeals (*State v. Bishop*, 2d Dist. Montgomery No. 27496, 2017-Ohio-8332) and the Fifth (*State v. Hicks,* 5th Dist. Delaware No. 09CAA090088, 2010-Ohio-2985) and Eighth District Courts of Appeal (*State v. Dotson*, 8th Dist. Cuyahoga No. 101911, 2015-Ohio-2392) on the following question:

Case No. 21 MA 0051

[W]hether a criminal defendant on (post-release control) for a prior felony must be advised, during his plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141 to terminate his existing (post-release control) and to impose a consecutive prison sentence for the (post-release control) violation.

*State v. Bishop*, 152 Ohio St.3d 1404, 2018-Ohio-723.

**{¶12}** In a plurality opinion, the Supreme Court of Ohio concluded that Crim.R. 11(C)(2)(a) requires that advisement. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 1. The Court answered the certified question in the affirmative and affirmed the judgment of the Second District Court of Appeals. *Id.*

**{¶13}** "There is no dispute that when a defendant is on postrelease control at the time a plea is entered, the Crim.R. 11(C)(2)(a) maximum penalty advisement must include a discussion of the possible consequences under R.C. 2929.141(A)(1)" regarding post-release control time. *State v. Stewart*, 8th Dist. Cuyahoga No. 110219, 2021-Ohio-3600, ¶ 23, citing *Bishop,* 2018-Ohio-5132, ¶ 21.

**{¶14}** In this case, Appellant stresses he was prejudiced because "he would not have entered the plea had he known that an additional amount of time could/would be imposed by the judge and he was not going to be afforded a hearing by the parole board." (9/17/2021 Appellant's Brief, p. 20). Although Appellant "agrees with the sentence imposed for the actual crimes to which he plead guilty as they were both with[in] the statutory range as well as the agreed upon range within the written plea[,] [h]e [contends he] simply was not informed that the Judge could impose 'reserve time' and not the Parole Board." (*Id.*) Appellant asserts the harm and/or prejudice at issue is that he did not have everything before him to properly consider prior to entering his guilty plea.

**{¶15}** As such, it appears Appellant's guilty plea was not made in a knowing, intelligent, and voluntary manner. We do not know whether Appellant would have changed his plea. Appellant made a decision without being totally informed.

**{¶16}** The State agrees with Appellant that "it is true that the trial court did not fully advise as to the potential for a [post-release control] sentence in addition to a sentence for the new offenses," but alleges that "such failure was harmless as the sentence

imposed was shorter than the maximum advised." (10/18/2021 Appellee's Brief, p. 2). The State stresses that *Bishop* does not apply here because the defendant in that case was sentenced to a longer sentence. (*Id.* at p. 5). The State thereby indicates that "[d]espite *Bishop*, the alleged error here was harmless." (*Id.* at p. 6). The State further contends that because Appellant did not inform the trial court that he was on post-release control at the time of his plea, "any alleged error [at sentencing] was invited." (*Id.* at p. 7).

{¶17} Appellant counters that "[t]he harm is not in the fact that the sentence imposed was much shorter than the maximum advised." (11/12/2021 Appellant's Reply Brief, p. 4). Rather, Appellant asserts the harm is "in the fact that the very appearance of the integrity of the process was comprised such that it surprised [him] when the sentence was extended to include the [post-release control] time and tack it on consecutively and caused him much angst." (*Id.*). Appellant maintains "[t]he error was most certainly not invited by [him]." (*Id.* at 9). Even if Appellant thought or knew he was on post-release control at the time of his plea, "he did not know that the [post-release control] could be revoked, that the Judge could impose the remaining [post-release control] time, or that it could be imposed in toto and consecutively." (*Id.*). Appellant stresses "[t]his is the very knowledge the trial court was to ensure that he knew." (*Id.*).

{¶18} The State alleges that Appellant denied being on post-release control. However, the sentencing transcript does not support that allegation. In fact, Appellant did not deny being on post-release control. Rather, both Appellant and his attorney believed Appellant had completed it. The following colloquy occurred among the trial judge, Appellant, and Appellant's counsel at the sentencing hearing:

THE COURT: You're released early from prison. Somebody gave you a break - -

THE DEFENDANT: No, sir.

THE COURT: - - and somebody gave you another break - -

THE DEFENDANT: No, sir. I did my whole - -

[DEFENSE COUNSEL]: Your Honor, just for the record - -

THE COURT: All right. So you did your time. I got it.

[DEFENSE COUNSEL]: He did his complete - -

THE COURT: Mandatory PRC [post-release control].

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: I just wanted to correct the record.

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And I appreciate that. Thank you for correcting the record.

(5/10/2021 Sentencing Hearing T.p., p. 17-18).

**{¶19}** Thus, both Appellant and his counsel believed Appellant had completed his post-release control and orally notified the trial judge at the sentencing hearing. The State improperly places the entire burden upon Appellant in knowing his post-release control status and informing the trial court of such. However, at oral argument before this court, the State conceded that it should have "probably" known on its own that Appellant was on post-release control and informed the trial court and Appellant accordingly during the plea proceedings.

**{¶20}** The record before us supports Appellant's claim of "surprise" due to the sentence imposed by the trial court. (9/17/2021 Appellant's Brief, p. 12). *See State v. Minor*, 7th Dist. Mahoning No. 88 C.A. 103, 1989 WL 5409, *1-2 (Jan. 26, 1989) (this court held that a remand to the trial court to determine the voluntariness of the appellant's guilty plea was warranted because the sentence took her by "surprise"). Here, there was no specific discussion during the plea proceedings of the potential imposition of an additional 1,416 days which was "held in reserve" nor that the time would run consecutive to another prison sentence. The change of plea hearing and the written plea of guilty did not give Appellant specific notice of the additional 1,416 days and that those days from

Case No. 21 MA 0051

Case No. 12 CR 112 would have any bearing upon his sentencing for the instant charges of felonious assault and grand theft. The trial court had an obligation to reference the 2012 case and advise Appellant properly before imposing the additional days and running them consecutively.

**{¶21}** As such, Appellant was denied proper notice and the opportunity to be heard on this issue in order to make a fully informed decision prior to sentencing. The record supports Appellant's claim of prejudice, i.e., that "he would not have entered the plea had he known that an additional amount of time could/would be imposed by the judge and he was not going to be afforded a hearing by the parole board." (9/17/2021 Appellant's Brief, p. 20); *Bailey, supra,* at ¶ 6 ("In order to establish prejudice, the defendant must show that the plea would not have been otherwise entered.")

**{¶22}** Contrary to the State's position, *Bishop* does not hinge on whether a defendant receives a maximum sentence. Rather, as stated, *Bishop* stands for the proposition that "a criminal defendant on (post-release control) for a prior felony *must be advised,* during his plea hearing in a new felony case, of the trial court's ability under R.C. 2929.141 to terminate his existing (post-release control) and to impose a consecutive prison sentence for the (post-release control) violation." (Emphasis added.) *Bishop,* 2018-Ohio-723.

**{¶23}** In complete conformity with *Bishop*, the State concedes that "[t]he best practice would have been for the trial court to fully advise Appellant of the [post-release control] violation potential at the time of the plea." (10/18/2021 Appellee's Brief, p. 5). However, the trial court did not do that here.

**{¶24}** It appears Appellant's guilty plea was not knowingly, intelligently, and voluntarily made as he probably would not have pled guilty based on the facts presented. Accordingly, in the interest of justice, we vacate the plea and remand the matter to the trial court for further proceedings. *See Minor, supra,* at *2; *State v. Baker*, 170 Ohio App.3d 331, 2006-Ohio-7085, ¶ 47 (2d Dist.).

**{¶25}** Appellant's first and second assignments of error are with merit.

Case No. 21 MA 0051

## ASSIGNMENT OF ERROR NO. 3

**DEFENSE COUNSEL WAS INEFFECTIVE IN THAT HE FAILED TO ENSURE THAT THE WRITTEN PLEA OF GUILTY "FORM" WAS MODIFIED TO FIT THE FACTS OF MR. CROOK'S CASE AND THE IMPOSITION OF THE SENTENCE COUNSEL FAILED TO RAISE A MOTION PURSUANT TO OHIO CRIMINAL RULE 32.1.**

{¶26} Based on this court's disposition in Appellant's first and second assignments of error, we find Appellant's third assignment of error moot. *See* App.R. 12(A)(1)(c); *State v. Terrell*, 2d Dist. Clark No. 2020-CA-24, 2021-Ohio-1840, ¶ 28 (a reversal of a trial court's judgment as a result of an appellant's guilty plea not having been knowingly, intelligently, and voluntarily entered renders an assignment of error alleging ineffective assistance of counsel moot).

## CONCLUSION

{¶27} For the foregoing reasons, Appellant's first and second assignments of error are well-taken, thereby rendering his third assignment moot. The judgment of the Mahoning County Court of Common Pleas is reversed, Appellant's plea and sentence are vacated, and the cause is remanded to the trial court for further proceedings consistent with this Opinion.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the judgment of the Mahoning County Court of Common Pleas is reversed, Appellant's plea and sentence are vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**